## THE SANDAY.

## THE MICHIGAN.

### No. 365.

Circuit Court of Appeals, Second Circuit.

July 14, 1941.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for appellant.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The collision occurred in the Oswego River section of the barge canal about 1,500 feet southerly from Walters Island. The southbound Michigan met the northbound tug Craig with a tow of six light barges, and in attempting a port to port passage collided with the last barge of the tow. Since the libellant was the owner of both barge and tug it was stipulated that any fault in the towing vessel should be visited upon the libellant as owner of the barge. The barge was tailing off to her port but the district judge excused her failure to be in line because the channel was winding and some swing of the tow was inevitable. The Michigan was held solely responsible because she had ample opportunity to avoid the collision had she reduced her speed as soon as her master saw the danger of the situation. The appellant urges that the tug's admission that her tow tailed over onto the wrong side of a narrow channel is a confession of statutory fault which necessarily imposes liability. But the navigator of the Michigan saw the situation when the vessels were 1,800 feet apart; he said it looked bad when he sounded his one blast signal, but he did nothing to reduce his speed for "a minute or so after". The trial judge found this delay crucial. We see no reason to doubt the finding or the legal conclusion of the Michigan's responsibility under the last clear chance doctrine. See The Watuppa, 2 Cir., 120 F.2d 766, decided June 9, 1941. As to the tug's failure to sound a bend signal it will suffice to say that this was immaterial, since the Michigan sighted her in time to have avoided the collision had she not tried to shave too close.

Decree affirmed.