**J. S. GISSEL & COMPANY and Shell Oil Company, Appellants,**

v.

**DIXIE CARRIERS, Inc., Offshore Oil Transport Company and The BEN B, American Barge Line Company, Appellees.**

**No. 15083.**

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1955.

**234**

Alfred M. Farrell, Jr., New Orleans, La., Terriberry, Young, Rault & Carroll, New Orleans, La., of counsel, for appellants.

Charles E. Dunbar, III, and Selim B. Lemle, Lemle & Kelleher, George B. Matthews, John W. Sims, Phelps, Dunbar, Marks & Claverie, New Orleans, La., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

Appealing from interlocutory decrees in causes in admiralty, Nos. 2058 and 2086, consolidated for appeal by order of the district judge, libelants, J. S. Gissel & Company, owner of the Tug San Jacinto, and Shell Oil Company, owner of the cargo laden therein, are here insisting that, in finding [1] the San Jacinto in mutual fault for the collision with the Ben B and thus casting her for half the damages caused thereby, the district judge erred.

Appellees, Offshore Oil Transport Co., owner and Dixie Carriers, charterer of the Tug Ben B, have counterassigned as error that the district judge failed to find and hold that the San Jacinto was wholly at fault.

In the alternative, they urge that in no event should the San Jacinto be exonerated from fault and that the decree should therefore, be affirmed.

Appellant, Gissel & Company, urging upon us that the court erred in holding it liable under the rule of The Pennsylvania, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148, insists that under the undisputed facts of this case the failure of the San Jacinto to blow the bend signal was not, and could not have been, the proximate cause of the collision, and that the cases which are controlling here are cases like Oaksmith v. Garner, 9 Cir., 205 F.2d 262; The Sanday (The Michigan), 2 Cir., 122 F.2d 325; P. Dougherty Co. v. U. S., 3 Cir., 207 F.2d 626; The Lord O'Neill, 4 Cir., 66 F. 77; and those dealing with the "major-minor fault" principle, such as The City of New York, 147 U.S. 72, 13 S.Ct. 211, 37 L.Ed. 84; Socony Vacuum Oil Co. v. Smith, 5 Cir., 179 F.2d 672; and Harris v. Sabine Transp. Co., Inc., (The Augustus B. Harris), 5 Cir., 202 F.2d 537 from this court.

Not to be outdone in citation and argument, the owner and the charterer of the Ben B and their loyal ally, American Barge Line, cite many cases, including Boyer v. The Merry Queen, 3 Cir., 202 F.2d 575; The Winnie, 2 Cir., 161 F. 101, 102; Ulster Oil Transport Corp. v. The Matton No. 20, 2 Cir., 210 F.2d 106; and Wood Towing Corp. v. Paco Tankers, 4 Cir., 152 F.2d 258 in support of their contention that the district judge erred in not attributing the whole fault to the San Jacinto.

Mindful of the general rule that in collision cases which present only fact questions, no useful purpose is served by a rediscussion of the facts when we find ourselves in general agreement with

---

1. J. S. Gissel & Co. v. Dixie Carriers, D.C., 117 F.Supp. 612.

the findings and conclusions of the district judge as stated in a published opinion, we have carefully examined the record with the cited decisions in mind. This examination leaves us in no doubt that the case presented below, it presents here, a dispute not of law but of fact and that the district judge correctly resolved that dispute and as correctly set down his reasons for doing so. Upon the considerations and for the reasons stated in his opinion, the decree is affirmed.